13607

MYERS v. ATLANTIC COAST LINE R. CO.

(168 S. E., 730.)

May, 1932.

Mr. F. L. Willcox, for appellant.

Messrs. Truluck & Truluck and P. H. McEachin, for respondent,

March 24, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by plaintiff for the recovery of damages for personal injuries suffered by him. Paragraph 2 of the complaint reads as follows: "That on the night of May 23, 1931, plaintiff while traveling in a Ford coupé on a public highway in Richland County, South Carolina, leading from State Highway No. 76 toward the line of defendant at Congaree Station, which highway crosses defendant's line approximately one hundred fifty (150) yards from the said Congaree Station, was injured when the Ford coupé in which he was riding collided with and struck a box car which was a part of a train of defendant in operation upon the said line, and which train the defendant had unlawfully, negligently, recklessly, carelessly and wilfully stopped on, upon and across the said public road, completely blocking and obstructing the same in the night time."

In the complaint plaintiff's injuries are also referred to the alleged negligence and willfulness of the defendant, *inter alia:* "In failing to place any post or sign upon the said highway, upon the side plaintiff was traveling, in failing to flag the said crossing, and in failing to give any warning, notice, signs or signals to apprise strangers traveling said highway of the approach of a railroad with the crossing blocked in the night time." The answer admitted a collision between an automobile driven by plaintiff and one of defendant's trains, but alleged that the injury complained of was caused by plaintiff's own acts of negligence and reck-

lessness. The trial of the case resulted in a verdict for the plaintiff for $500.00, and the defendant appeals.

By its first exception, the appellant charges the trial Judge with error in refusing its motion to strike from the complaint, as irrelevant and redundant and as not stating a cause of action, the following language: "In failing to place any post or sign upon the said highway, upon the side plaintiff was traveling." The specification of error is that, "since there is no requirement, statutory or otherwise, that a railroad company shall place more than one signal board at each crossing of a railroad track by a public highway," its failure to do so does not constitute actionable negligence.

It is admitted that the railroad company maintained at the crossing where the accident occurred a crossing signal board, but that it was on the side of the railroad track opposite to that from which plaintiff was approaching and in such a position that he could not see it for the reason that the train with which he collided was between him and the board. The defendant argues that plaintiff intended to plead, by the allegation sought to be stricken from the complaint, that "there is a duty upon a railroad company to erect two crossing signal boards, one on the right-hand side of a traveler approaching on the highway from each direction"; and that the only law relating to such matters is Section 8356 of the Code of 1932 which contemplates only one signboard at each crossing. The respondent submits that while his "complaint contains no such contention," "there was a statutory duty upon the railroad to maintain a crossing sign on both sides of the crossing."

The section of the Code referred to is as follows: "Every railroad corporation shall causé signs to be placed, and constantly maintained, alongside of each public road or street where the same is crossed by the railroad on the same level. Said sign shall be elevated so as to be easily seen by travelers, and on each side of the same shall be printed in large letters

the words 'Railroad Crossing.' But this section shall not apply to streets in cities, towns and villages unless the corporation be required to put up such sign by the officers having charge of such streets."

We are of opinion, from a careful study of this section, that the contention of the appellant is correct. The provision that the sign erected at such crossing shall be elevated so as to be easily seen by travelers on the highway, and that there shall be printed on each side of such sign in large letters the words "Railroad Crossing," clearly indicates that only one sign at each crossing was intended. The printing of the quoted words on each side of the signboard would be wholly unnecessary if two signs were erected, one on each side of the crossing. The provision with reference to the erection of such signs in cities, towns, and villages, also points to the same conclusion. As we cannot say to what extent the verdict of the jury was affected by the allegation of negligence which the Court refused to strike from the complaint, and which is undoubtedly referable to the above quoted section of the Code, defendant's first exception must be sustained.

We overrule the exceptions charging the trial Judge with error in refusing defendant's motion for a directed verdict, made on the ground that plaintiff's injury was due to his violation of law, and to his negligence and gross negligence on his approach to the crossing. The conflicting testimony required the submission of these questions to the jury.

The judgment is reversed, and the case remanded for a new trial.

Mr. Chief Justice Blease, Mr. Justice Bonham and Mr. Circuit Judge G. B. Greene, Acting Associate Justice, concur.